IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN COLÓN-LUNA,

Plaintiff

v.                                                          CIVIL 04-1305 (JAF)

TO-RICOS, INC.,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion for summary judgment filed on January 12, 2005 by defendant To-Ricos, Inc. (hereinafter "To-Ricos"). (Docket No. 15.)   Plaintiff Juan Colón-Luna (hereinafter "Colón") field his opposition to defendant's motion on February 18, 2005.  (Docket No. 27.)  There are several supplemental submissions on record filed by To-Ricos in reply to plaintiff's opposition. (Docket Nos. 33, 35, 36.) The case was referred to me for a report and recommendation on April 14, 2005.  (Docket No. 38.)

I.  BACKGROUND

Colón brings the present action against his former employer To-Ricos under Title I of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. (hereinafter "ADA") claiming in general that he is a qualified individual with a disability that substantially limits one or more major life activities and that the defendant discriminated against him in the terms and conditions of his employment.  Colón

CIVIL 04-1305 (JAF)                    2

also asserts that To-Ricos refused to provide him a reasonable accommodation and eventually discharged him from employment solely on the basis of his disability. The plaintiff also invokes this court's supplemental jurisdiction to assert causes of action under Puerto Rico law, namely Law No. 44 of July 2, 1985, 1 P.R. Laws. Ann. § 501 et seq.; Law No. 80 of May 30, 1976, 29 P.R. Laws. Ann. § 185a et seq.; and article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 5141 et seq. The following are the specific factual allegations in Colón's complaint.

To-Ricos is a corporation organized under the laws of the Commonwealth of Puerto Rico and engaged in the business of processing and distributing poultry and related products. Colón was employed by To-Rico's from November of 1994 until May 20, 2002, when his employment was terminated by the defendant. According to the complaint, Colón was at all relevant times a qualified individual with a disability. He suffers from severe and chronic post-traumatic arthritis in his left leg; a physical impairment affecting his motor and skeletal systems. Said impairment is permanent and alleged to have caused a substantial limitation in Colón's ability to care for himself, perform manual tasks, lift objects, stand, walk, climb and work. Colón also avers that he has a history of receiving medical treatment for his conditions and that the defendant regarded him as a person with an impairment that substantially limits one or more major life activities.

On July 22, 2001, Colón was injured in a motorcycle accident. The injuries sustained required medical treatment including reconstructive surgery and physical

CIVIL 04-1305 (JAF)                         3

therapies.   Colón was on medical leave from the date of the accident until February 7, 2002.  His physician certified that Colón required certain reasonable accommodations in order to perform his usual job duties.  Colón informed To-Ricos through a human resources official of his need for reasonable accommodations and provided the specific instructions of his physician.  The accommodations requested related in particular to the amount of time plaintiff could remain standing, the distances that Colón was able to walk, the weight of the objects he could move or lift, etc.

It is further alleged that Colón had suggested to the defendant various alternatives position for which he was qualified and could be reassigned to.  To-Ricos refused to reassign him to any such positions.  Eventually, on May 14, 2002, during an interview with To-Ricos' sales manager, Colón was offered the position of promotions assistant.  The offer allegedly came accompanied by the threat "take it or leave it, this is it for you."  In fact, said offer was a demotion because it is the same position to which he was recruited back in 1994.  He had already been promoted to merchandiser for his excellent performance.  In addition, there is an allegation in the complaint of certain comments directed to Colón which in his opinion demonstrate discriminatory animus.  He was apparently told at human resources that "we do not have a position for you"; "it is not our fault that you had that accident"; "there are no more opportunities for you here"; and "you don't have the capacity for the available positions."  In reality, the next promotion due to

CIVIL 04-1305 (JAF)                              4

plaintiff after merchandiser was that of salesperson.  Colón was denied a promotion

even though he was qualified and there were vacancies for said position.

The defendant allegedly refused to accommodate Colón's disability.  Instead,

he was terminated from employment on May 20, 2002.  The reason given to Colón

was that he had sat on a chair at a dining room where a company activity was being

held.  Said chair was apparently reserved for To-Rico's president Héctor Mattei.

However, Colón alleges that neither the table nor the chair were identified as being

reserved for anyone.  He simply sat on an empty, unclaimed chair during the lunch

recess at the company activity he was attending.

Colón maintains that he was terminated from employment solely because of

his disability.  He also alleges that the reasons given for his dismissal are just a

pretext.  He claims to have suffered lost wages, severe emotional distress, mental

anguish, embarrassment, humiliation, loss of dignity and self esteem, sleeplessness,

nausea, headaches and loss of enjoyment of life.  He seeks an award of compensatory

and punitive damages as well as reinstatement to his previous position among other

remedies.

To-Ricos moves for summary judgment arguing inter alia that judgment as a

matter of law is warranted because:  (1) plaintiff is not an individual with a

disability as defined by the ADA; (2) plaintiff is not a qualified individual who can

perform the essential functions of his job; (3) plaintiff did not meet his burden of

proposing a reasonable accommodation and did not interact as required by law while

CIVIL 04-1305 (JAF)                    5

defendant met its statutory duties; and (4) plaintiff has failed to establish a prima

facie case of disability discrimination for his failure to submit sufficient evidence.

In opposition, Colón maintains that disputed material facts preclude summary

judgment.  According to Colón, there is a factual dispute as to his substantially

limiting impairment.  There is also a factual dispute as to whether he was a qualified

individual with a disability under the ADA.  In addition, Colón contends that To-

Ricos has not  showed that it met its legal duty to accommodate Colón's limitations

and that the reason advanced by To-Ricos to justify his dismissal is a pretext for

discrimination.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To succeed on a

motion for summary judgment, the moving party must show that there is an absence

of evidence to support the nonmoving party's position.  Celotex Corp. v. Catrett, 477

U.S. 317, 325 (1986).  Once the moving party has properly supported its motion,

the burden shifts to the nonmoving party to set forth specific facts showing there is

a genuine issue for trial and that a trier of fact could reasonably find in its favor.

Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

The party opposing summary judgment must produce "specific facts, in suitable

CIVIL 04-1305 (JAF)                    6

evidentiary form," to counter the evidence presented by the movant.  <u>López-</u>

<u>Carrasquillo v. Rubianes</u>, 230 F.3d 409, 413 (1st Cir. 2000) (quoting <u>Morris v. Gov't</u>

<u>Dev. Bank of P.R.</u>, 27 F.3d 746, 748 (1st Cir. 1994)).  A party cannot discharge said

burden by relying upon "conclusory allegations, improbable inferences, and

unsupportable speculation." <u>Id.</u>; <u>see also</u> <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 236-

37 (1st Cir. 2002) (quoting <u>J. Geils Band Employee Benefit Plan v. Smith Barney</u>

<u>Shearson, Inc.</u>, 76 F.3d 1245, 1251 (1st Cir. 1993)) ("'[N]either conclusory

allegations [nor] improbable inferences' are sufficient to defeat summary

judgment.").

The court must view the facts in light most hospitable to the nonmoving party,

drawing all reasonable inferences in that party's favor.  <u>See</u> <u>Patterson v. Patterson</u>,

306 F.3d 1156, 1157 (1st Cir. 2002).  A fact is considered material if it has the

potential to affect the outcome of the case under applicable law.  <u>Nereida-González</u>

<u>v. Tirado-Delgado</u>, 990 F.2d 701, 703 (1st Cir. 1993).

### III.  DISCUSSION

<u>The Americans with Disabilities Act</u>

Section 102 of Title I of ADA states in relevant part that:

> No covered entity shall discriminate against a
> qualified individual with a disability because of the
> disability of such individual in regard to job application
> procedures, the hiring, advancement, or discharge of
> employees, employee compensation, job training, and other
> terms, conditions, and privileges of employment.

CIVIL 04-1305 (JAF)                    7

42 U.S.C. § 12112(a).  To prevail in an unlawful discrimination claim under the ADA, plaintiff must prove three things by a preponderance of the evidence:  first, he must show that he was disabled within the meaning of the Act; second, he must prove that with or without reasonable accommodation he was a qualified individual able to perform the essential functions of the job; and third, he must show that he suffered an adverse employment action.  Benoit v. Technical Mfg. Corp., 331 F.3d 166, 175 (1st Cir. 2003) (citing Carroll v. Xerox Corp., 294 F.3d at 237); see also Criado v. IBM Corp., 145 F.3d 437, 441 (1st Cir. 1998); Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 511 (1st Cir. 1996).  The term discrimination under the ADA also includes the failure of the employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]"  42 U.S.C. § 12112(b)(5)(A); Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 254, 264 (1st Cir. 1999).

When a plaintiff is unable to offer direct evidence of a discriminatory animus, the court may apply the familiar McDonnell Douglas[1] burden-shifting framework to facilitate the inquiry.  See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d at 264; see also Katz v. City Metal Co., 87 F.3d 26, 30 n.2 (1st Cir. 1996).  Under said scheme,

---

[1]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

CIVIL 04-1305 (JAF)                          8

> a plaintiff who suffers from a disability makes out a prima
> facie case of employment discrimination by demonstrating
> that she is a member of a protected group who has been
> denied an employment opportunity for which she was
> otherwise qualified.  Such a showing gives rise to an
> inference that the employer discriminated due to the
> plaintiff's disability and places upon the employer the
> burden of articulating a legitimate, nondiscriminatory
> reason for the adverse employment decision.  This entails
> only a burden of production, not a burden of persuasion;
> the task of proving discrimination remains the plaintiff's at
> all times. Once such a reason emerges, the inference raised
> by the prima facie case dissolves … and the plaintiff is
> required to show … that the employer's proffered reason is
> a pretext for discrimination.

Dichner v. Liberty Travel, 141 F.3d 24, 29-30 (1st Cir. 1998) (citations and footnote

omitted).

     With this standard in mind, I review the record to determine if summary

judgment is appropriate.

     A.   Disability under the ADA:

     The first thing an ADA plaintiff needs to show is that he is disabled within the

meaning of the Act.  The term disability is defined by the ADA in relevant part as:

"(A) a physical or mental impairment that substantially limits one or more of the

major life activities of such individual[.]"  42 U.S.C. § 12102(2).  To determine

whether an employee falls within the scope of this section, the court must apply a

three-part test. Bailey v. Ga.-Pac. Corp., 306 F.3d 1162, 1167 (1st Cir. 2002). First,

the court must determined whether the condition of the plaintiff constitutes a

physical or mental impairment. Id. (citing Bragdon v. Abbott, 524 U.S. 624, 631

CIVIL 04-1305 (JAF)                    9

(1998)).  Second, the court must identify the life activity upon which the plaintiff

relies to determine whether it is a major life activity.  Bailey v. Ga.-Pac. Corp., 306

F.3d at 1167.  Finally, the court must conclude that the impairment substantially

limits the identified major life activity.  Id. (citing Lebrón-Torres v. Whitehall Labs.,

251 F.3d 236, 239-40 (1ˢᵗ Cir. 2001)).

        (a) Physical Impairment

        The defendant alleges that Colón has not submitted sufficient evidence to show

that he has a physical impairment.  However, the evidence in the record shows

otherwise.  In his complaint, Colón limited himself to present his medical diagnosis

of "severe and chronic post-traumatic arthritis in the left leg."  But in opposition to

the motion for summary judgment, Colón has submitted the Independent Medical

Evaluation of Dr. Carlos Grovas-Badrena.  (Docket No. 28, Ex. 1.)  After examining

the plaintiff and the medical records and evidence submitted to him, Dr. Grovas

gives a detailed recount of all the medical treatment required by Colón's condition,

his diagnosis and his prognosis.  He also concludes, among other things, that Colón

has a 19% whole person permanent physical impairment.  (Id. at 8.)  Thus, contrary

to To-Rico's contentions, Colón has presented more than just "evidence of a medical

diagnosis of an impairment."  He has submitted a detailed evaluation performed by

an independent medical examiner that at the very least shows a controversy of

CIVIL 04-1305 (JAF)                    10

material facts as to whether Colón suffered a physical impairment.[2]  As to this issue, Colón has presented enough evidence to defeat summary judgment.  Nevertheless, he is also required to show that the physical impairment "substantially limits" a "major life activity."

(b) Major Life Activity

It is well settled that merely having an impairment does not make a person disabled for ADA purposes.  Id.  The impairment has to substantially limit a major life activity which are those that are of "central importance to ... daily [life]." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002).   This determination requires an individualized inquiry.  Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999).  Here, Colón claims that the activities limited by his condition are walking, sitting and standing, bending, and lifting.[3]

In the complaint, Colón also asserted that the major life activities of working and performing manual tasks were also affected by his physical impairment.  He appears to have abandoned such a claim in his submission opposing summary judgment.  In any event, it is clear from the record that he would not be able to

---

[2]EEOC regulations define physical impairment to include a "physiological disorder or condition" affecting a person's musculoskeletal system.  29 C.F.R. § 1630.2(h)(1); see also Lebrón-Torres v. Whitehall Labs., 251 F.3d at 240.

[3]These activities are expressly included by the EEOC in its definition of major life activities, 29 C.F.R. § 1630.2(i), and its interpretative guidance, pt. 1630, App. § 1630.2(i), or are recognized by the case law as constituting major life activities.

CIVIL 04-1305 (JAF)                    11

sustain an allegation that his major life activities of working or performing manual

tasks were affected.  For instance, the EEOC has acknowledged, for purposes of the

ADA that working is a major life activity.  See Navarro v. Pfizer Corp., 261 F.3d 90,

97 (1ˢᵗ Cir. 2001) (citing 29 C.F.R. § 1630.2(i)).

> When referring to the major life activity of working, the
> E[qual] E[mployment] O[pportunity] Commission defines
> "substantially limits" as: "significantly restricted in the
> ability to perform either a class of jobs or a broad range of
> jobs in various classes as compared to the average person
> having comparable training, skills and abilities."

Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999) (quoting 29 C.F.R.

§ 1630.2(j)(3)(i) (1998)).   However, the Supreme Court has not conclusively

decided whether working is a major life activity.  Toyota Motor Mfg., Ky., Inc. v.

Williams, 534 U.S. at 200 (citing Sutton v. United Air Lines, Inc., 527 U.S. at 492).

It has only noted that assuming working is a major life activity, a claimant will be

required to show his or her inability to work in a broad range of jobs rather than a

specific job. Sutton v. United Air Lines, Inc., 527 U.S. at 492.  In other words, Colón

would have to show that he is precluded from more than one type of job, a

specialized job, or a particular job of choice.  See Sheehan v. City of Gloucester, 321

F.3d 21, 25 (1ˢᵗ Cir. 2003).  "If jobs utilizing an individual's skills (but perhaps not

his or her unique talents) are available, one is not precluded from a substantial class

of jobs."  Id. (quoting Sutton v. United Air Lines, Inc., 527 U.S. at 492).  Other

factors that must be considered are:

CIVIL 04-1305 (JAF)                    12

> (i) the geographical area to which plaintiff has reasonable access; (ii) the number of jobs in that geographical area which require the same abilities as plaintiff's former job, but from which plaintiff would be disqualified due to his impairment; and (iii) the number of jobs in that geographical area which do not require the same abilities as plaintiff's former job, but from which plaintiff would be disqualified due to his impairment.

Tirado Arce v. Aramark Corp., 239 F. Supp. 2d 153, 166 (D.P.R. 2003) (citing 29 C.F.R. § 1630.2(j)(3)).

As noted, when the major life activity of working is at issue, the plaintiff "assumes a more fact-specific burden of proof." Quint v. A.E. Staley Mfg. Co., 172 F.3d 1, 11 (1st Cir. 1999). And in this case, the evidence in the record is insufficient to establish that the major life activity of working was impaired. A similar conclusion mut be reached with respect to the major life activity of performing manual tasks. No evidence whatsoever was submitted as to such life activities.

On the other hand, I find that as to the other major life activities alleged by Colón (walking, standing, lifting, and bending) to have been limited by his impairment, there is enough on record to create a factual dispute. The EEOC has specifically included walking as a major life activity. See 29 C.F.R. § 1630.2(i); see also Rivera-García v. Sistema Universitario Ana G. Méndez, 329 F. Supp. 2d 213, 219 (D.P.R. 2005); Soler v. Tyco Elecs., Inc., 268 F. Supp. 2d 97, 107 (D.P.R. 2003) ("Walking undoubtedly qualifies as a major life activity under the ADA."). Moreover, lifting, sitting, standing and bending have also been recognized as major life

CIVIL 04-1305 (JAF)                          13

activities.  See Guillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 21 (1st Cir.

2002) (lifting); Labrecque v. Sodexho USA, Inc., 287 F. Supp. 2d 100, 107 (D. Mass.

2003) (sitting and standing); Webner v. Titan Distrib., Inc., 267 F.3d 828, 834 (8th

Cir. 2001) (twisting and bending).  Therefore, as to this issue, summary judgment

would also be inappropriate.

    (C) Substantial Limitation

    It is not enough that the physical impairment limits one or more major life

activities.    The plaintiff has the burden of showing that the impairment

"substantially limits" the identified major life activity.    The EEOC defines

"substantially limits" as follow:

> (i) Unable to perform a major life activity that the average
> person in the general population can perform; or
> (ii) Significantly restricted as to the condition, manner or
> duration under which an individual can perform a
> particular major life activity as compared to the condition,
> manner, or duration under which the average person in
> the general population can perform that same major life
> activity.

29 C.F.R. § 1630.2(j)(1)(i)-(ii).    And in determining whether an impairment

substantially limits a major life activity the following factors must also be

considered: "(i) [t]he nature and severity of the impairment; (ii) [t]he duration or

expected duration of the impairment; and (iii) [t]he permanent or long term impact,

or the expected permanent or long term impact of or resulting from the

impairment." 29 C.F.R. § 1630.2(j)(2)(i)-(iii).

CIVIL 04-1305 (JAF)                            14

          After reviewing the record, I find that it is doubtful that with the evidence

presented, Colón can meet his burden of showing that his impairment "substantially

limits" the identified major life activities.  Clearly, there is no claim by Colón that he

is unable to perform the major life activities of walking, standing, lifting, bending

etc.  His claim is that he is significantly restricted in his ability to perform the

particular activities.  But the record lacks sufficient evidence to expound how his

impairment is significantly restricting his ability to perform the particular major life

activities identified by him as compared to the condition, manner or duration under

which the average person can perform the same activities.  The only evidence

presented as to the nature and severity of the impairment is his own self serving

affidavit[4] and the diagnosis of his condition which described it as severe and

chronic.  The independent medical evaluation sheds no light as to nature and

severity because the report describes his prognosis only as guarded and gives a 19%

_____

          [4]In his affidavit Colón submits that his is restricted in his ability to lift, push
and pull objects; take care of himself since he cannot reach his legs; walk distances
in excess of 300 meters; and stand or sit for long periods of time (four and six hours
respectively). (Docket No. 28, Ex. 3.) However, there is no medical evidence in the
record in the form of a residual functional capacity evaluation or anything
resembling such an evaluation to show what restrictions and the extent of said
restrictions. The closest Colón comes to making such a showing is in presenting the
decision (in Spanish) of the Commissioner of Social Security denying him social
security benefits. In it, the Commissioner explains that although Colón was unable
to perform his previous job as merchandiser, his condition was expected to improve
in the course of one year to allow him to work in sedentary jobs. According to the
Commissioner's written decision, Colón could lift, push, pull and carry a maximum
of 20 pounds and up to 10 pounds frequently; he could be sitting for six hours in
and eight hour shift and could be standing and/or walking up to four hours in an
eight hour shift. (Docket No. 28, Ex. 2.)

CIVIL 04-1305 (JAF)                    15

whole person permanent impairment.  Yet, the expected long term impact of the impairment is not explained and there is nothing in the record explaining in specific terms how much Colón's impairment is restricting his ability to perform the major life activities.

In any event, even if the court were to accept the independent medical evaluation and Colón's affidavit as sufficient evidence to create a factual dispute regarding the question of whether his impairment substantially limits one or more major life activities, and thus conclude that he is disabled, Colón still fails to demonstrate that he is a qualified individual with a disability.  He similarly fails to show that To-Rico's failed to make a reasonable accommodation.

B.  Qualified Individual

The ADA defines a qualified individual as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8); see also Sutton v. United Air Lines, Inc., 527 U.S. at 478.  The determination of whether an individual is qualified is in itself comprised of two separate inquiries.  See Soto-Ocasio v. Fed. Express Corp., 150 F.3d 14, 18 (1st Cir. 1998). First, the person must possess "the requisite skill, experience, education and other job-related requirements" for the position, and second, must be able to perform the essential functions of the position with or without reasonable accommodation.  29 C.F.R. § 1630.2(m). An "essential function" is in turn defined

CIVIL 04-1305 (JAF)                    16

as a fundamental job duty of the position at issue. <u>Kvorjak v. Maine</u>, 259 F.3d 48, 55 (1st Cir. 2001) (citing 29 C.F.R. § 1630.2(n)(1)). The term, however, does not include "'marginal' tasks, but may encompass 'individual or idiosyncratic characteristics' of the job." <u>Kvorjak v. Maine</u>, 259 F.3d at 55 (citing <u>Ward v. Mass. Health Research Inst., Inc.</u>, 209 F.3d 29, 34 (1st Cir. 2000)). The plaintiff bears the burden to show that he is qualified. <u>Calef v. Gillette Co.</u>, 322 F.3d 75, 86 (1st Cir. 2003).

In this case, the evidence shows that at the time of his accident, Colón was working as a merchandiser. There is no dispute that Colón could not perform, either with or without reasonable accommodation, the essential functions of his merchandiser position. (<u>See</u> Social Security Ruling, Docket No. 28, Ex. 2, <u>see also</u> Colon's Aff., Ex. 3.) In his affidavit he stated that he was not able to accept his former position because, as merchandiser, the lightest poultry box he must lift and carry weighs 30 pounds. (<u>Id.</u>, Ex. 3, at 2.) The heaviest could go up to 100 pounds. (<u>Id.</u>) In addition, the merchandise was kept in coolers with icy and slippery floors which was torture to his ankle according to Colón. (<u>Id.</u>) Clearly, Colón was not qualified to perform the essential functions and duties of his position as merchandiser.[5]

_____

[5]I address Colón's argument that he was qualified to perform other available positions within the company in the section discussing Colón's failure to accommodate claim.

CIVIL 04-1305 (JAF)                    17

C.  Adverse Employment Action

While it is undisputed that Colón was terminated from employment, such adverse employment action cannot be said to have been taken against him because of his disability.  First, as stated above, Colón has failed to submit sufficient evidence to create a factual dispute as to whether or not he is disabled within the meaning of the Act.  Specifically, he could not show that his impairment substantially limits one or more major life activities.  Second, he has also failed to show that he is qualified to perform the essential functions of his former job.  Therefore, his disability discrimination claim fails as a matter of law.[6]

D.  Failure to Accommodate

Colón also claims that To-Ricos did not reasonably accommodated his disability.  To survive a motion for summary judgment on a reasonable accommodation claim, Colón has to "produce enough evidence for a reasonable jury to find that (1) [he] is disabled within the meaning of the ADA, (2) [he] was able to perform the essential functions of the job with or without a reasonable accommodation, and (3) [To-Ricos], despite knowing of [Colón]'s disability, did not reasonably accommodate it." Estades-Negroni v. Assocs. Corp. of N. Am., 377 F.3d 58, 63 (1st Cir. 2004) (citing Rocafort v. IBM Corp., 334 F.3d 115, 119 (1st Cir.

_____

[6]Because Colón fails as a matter of law to establish a prima facie case of disability discrimination, I need not address To-Rico's legitimate non-discriminatory reasons for the discharge under the McDonnell Douglas burden-shifting framework.

CIVIL 04-1305 (JAF)                    18

2003)).  Colón has failed to show both that he is disabled within the meaning of the ADA and that he could perform the essential functions of his job with or without reasonable accommodations.  Although I find that the evidence is also insufficient to show that To-Ricos failed to accommodate Colón's disability, I will discuss the third prong.

The evidence shows that in February of 2002, Colón's physician issued a medical certificate authorizing Colón to return to work. (Docket No. 15, Ex. 8.) The certificate appears to recommend that Colón avoid "excess effort in [his] left leg." (Id.)  Previously, Colón's treating physician had issued a certification where he recommended "a change in position or type of work that would carry less physical activity and little occupational (physical) demand on his part." (Docket No. 15, Ex. 6.)  But it is undisputed that Colón was unable to perform the duties of his merchandiser position following his return to work.  (Colon's Aff., Docket No. 28, Ex. 3, at ¶ 5.)  In an attempt to accommodate Colón, To-Ricos' offered him the position of plant operator.  (Tammy Meléndez' Aff., Docket No. 15, Ex. 2, ¶ 5.) However, the duties of said position required Colón to wear boots he could not wear because of his condition.  (Id. ¶ 6.)  There is a dispute as to whether the company offered Colón the option of  wearing only the outer cover or shoe covers instead of the boots.  (Id. and Colón's Aff., Docket No. 28, Ex. 3, ¶ 4.)  But Colón also rejected the position because it required him to be standing for the entire shift, work

CIVIL 04-1305 (JAF)                    19

overtime, and work on slippery floors and in cold temperatures.  (Colón's Aff.,

Docket No. 28, Ex. 3, ¶ 4.)

       To-Ricos then offered Colón the opportunity to work as promotions assistant

under contract handling promotional activities for the company.  (Colón's

Deposition, Docket No. 15, Ex. 5A, at 27-28.)  In May of 2002, To-Ricos offered

Colón a promotions assistant position on a permanent and regular basis.  On May

14, 2002, Colón accepted the position without any qualification and without

requesting any particular accommodation for the same.[7]  (See Colón's Deposition,

Docket No. 15, Ex. 5A, at 23-24.)  Colón now argues that To-Ricos placed him "in the

line of fire in the Promotions Department while some pretext came up to dismiss

him because [of] his impairment."  (Colón's Memorandum of Law, Docket No. 27,

at 7.)  Colón bases his failure to accommodate claim on the fact that he applied for

a sales position that became available on April 7, 2002.  (Colón's Deposition, Docket

No. 15, Ex. 5A, at 29-30.)  But Colón was not considered for the position because it

called for a bilingual candidate, a bachelor's degree and no less than three years

experience.  (Docket No. 17, Ex. 9.)  The person hired for the position had over 15

_____

       [7]Colón claimed in his deposition that he had been pressured into taking the
promotions assistant job because one Mr. Ramírez told him that if he did not accept,
there were no other positions available.  (Colón's Deposition, Docket No. 15, Ex. 5A,
at 34-35.)  He testified that his physical impairment also restricted him in his ability
to carry out the duties of the promotions assistant position.  (Id., at 32.)  But the
fact of the matter is that he never requested a reasonable accommodation within
said position.  He has always claimed that the accommodation more appropriate for
him was a reassignment to a sales position.

CIVIL 04-1305 (JAF)                    20

years of experience and a bachelor's degree, which Colón did not have.  (See Colón's Deposition, Docket No. 15, Ex. 5A, at 17; see also Docket No. 15, Ex. 12.)  Thus, Colón was not considered for the position.  He now claims that To-Ricos failed to accommodate his disability because he was not hired in said position.

A reasonable accommodation may include reassignment to a vacant position. 42 U.S.C. § 12111(B)(9); Phelps v. Optima Health, Inc., 251 F.3d 21, 27 (1st Cir. 2001).  The employee has the burden of showing that such a vacant position existed and the employer is not required to create new jobs for the employee or re-establish a position that no longer exists.  Id. (citations omitted).  Furthermore, an employer is required to provide a reasonable accommodation, not necessarily the particular accommodation sought by the employee.  See Bryant v. Caritas Norwood Hosp., 345 F. Supp. 2d 155, 169 (D. Mass. 2004).  And the ADA cannot be "read as to require affirmative action in favor of individuals with disabilities … requiring [that] disabled persons be given priority in hiring or reassignment over those who are not disabled."  Álamo-Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d 144, 162 (D.P.R. 2003) (citing Aponte-Díaz v. Navieras de Puerto Rico, Inc., 130 F. Supp. 2d 246, 254 (D.P.R. 2001)).

In Landenheim v. Am. Airlines, Inc., 115 F. Supp. 2d 225 (D.P.R. 2000)[8], a case presenting a claim substantially similar to that of Colón, the court granted

---

[8]The court's decision was subsequently affirmed by the First Circuit, albeit on different grounds.  The First Circuit found that the plaintiff had not satisfied her burden of showing that her impairment substantially limited a major life activity. Gelabert-Landenheim v. Am. Airlines, Inc., 252 F.3d 54 (1st Cir. 2001).

CIVIL 04-1305 (JAF)                    21

summary judgment in favor of the employer where the employee based her failure

to accommodate claim on the fact that she was not hired for the two positions that

she applied for.  The plaintiff in Landenheim had also turned down options given by

the employer in an attempt to accommodate her in jobs she could possibly perform.

Id. at 232.  In essence, the court reasoned that an employer is not required to

reassign a disabled employee to a vacant position when the employer understands

in its judgment that the employee is not the most qualified applicant.  Id. at 231.

The court further observed that an ADA plaintiff's burden includes more than

proposing an accommodation; said accommodation must be reasonable.  Id.

(Emphasis added.) The court stated, "[h]olding an employer liable for violating the

ADA simply because that employer hired the most qualified applicant for the position

in question can hardly be considered reasonable." Id.

         Like the plaintiff in Landenheim, the crux of Colon's argument is that because

he wanted the vacant salesperson position and was qualified for it, that To-Ricos'

failure to hire him for said job amounts to a failure to accommodate his disability

in violation of the ADA.  The evidence shows that the person hired for the

salesperson vacancy was more qualified than Colón.  The position called for a person

with, among other things, a bachelors degree.  It is undisputed that Colón did not

have a bachelor's degree.  The person hired, in addition to having the required

education, had also 15 years of experience whereas Colón worked for To-Ricos for

about eight years.  Clearly, To-Ricos did not have to hire Colón to a position for

CIVIL 04-1305 (JAF)                    22

which he was not the more qualified individual, in order to comply with the ADA. See Gile v. United Airlines, 95 F.3d 492, 499 (7th Cir. 1997) (citing White v. York Int'l., Corp., 45 F.3d 357, 362 (10th Cir. 1995)).   Colón was offered a promotions assistant position which he performed until he was terminated.[9]  The record lacks sufficient evidence that Colón requested a reasonable accommodation within said position or that he had significant difficulties in performing its essential functions. Simply put, no reasonable jury could conclude that To-Ricos failed to reasonably accommodate Colón's disability even if the court were to assume that he suffered one.  Landenheim v. Am. Airlines, Inc., 115 F. Supp. 2d at 231 ("[A] plaintiff is not entitled to be reassigned to the position of his choice.").

    For the reasons set forth above, I recommend that To-Ricos' motion for summary judgment be GRANTED.

### State Law Causes of Action

    Having concluded that Colón's ADA claim fails as a matter of law, it is also my recommendation that the claims brought under Puerto Rico law be dismissed.  See González-De-Blasini v. Family Dep't, 377 F.3d 81, 89 (1st Cir. 2004) ("Under 28 U.S.C. § 1367, '[a] district court may decline to exercise supplemental jurisdiction' if 'the district court has dismissed all claims under which it has original jurisdiction.'"); see also Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99,

―――――――――――――――

    [9]Colón attacks the reasons adduced by To-Ricos for the discharge as a pretext for disability discrimination.  But for purposes of this report and recommendation, I need not decide whether there is a factual dispute on said issue.

CIVIL 04-1305 (JAF)                           23

104-05 (1st Cir. 2004), cert. denied, 125 S. Ct. 1064 (2005); Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims."). Dismissal of said causes of action should be without prejudice.

## IV. CONCLUSION

In view of the above, it is my recommendation that To-Ricos' motion for summary judgment be GRANTED and that Colón's complaint be dismissed in its entirety. While I recommend that dismissal of the ADA claim be with prejudice, dismissal of the state law causes of action should be without prejudice.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v.

CIVIL 04-1305 (JAF)                    24


Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co.,

616 F.2d 603 (1st Cir. 1980).

       At San Juan, Puerto Rico, this 27th day of April, 2005.




                                        S/ JUSTO ARENAS
                              Chief United States Magistrate Judge